USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 7/16/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

JEROME CURRY,

        Petitioner,

    -against-

JOHN BURGE, Superintendent of Auburn
Correctional Facility,

        Respondent.

------------------------------------x

03 Civ. 0901 (LAK) (AJP)

**REPORT AND RECOMMENDATION**

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Lewis A. Kaplan, United States District Judge:**

After holding a hearing (on August 9, 2007) where petitioner Curry and his state court defense attorney testified, I issued a Report and Recommendation that Curry's habeas claim of ineffective assistance of counsel be denied in its entirety. Curry v. Burge, 03 Civ. 0901, 2007 WL 3097165 (S.D.N.Y. Oct. 23, 2007) (Peck, M.J.), familiarity with which is assumed. Judge Kaplan adopted my Report and Recommendation on November 16, 2007. Curry v. Burge, 03 Civ. 0901, 2007 WL 4098115 (S.D.N.Y. Nov. 16, 2007) (Kaplan, D.J.). On June 24, 2008, the Second Circuit issued its mandate denying a certificate of appealability. (Dkt. No. 70.)

After the Second Circuit's denial of a certificate of appealability, Curry has filed in this Court two Rule 60(b) motions to set aside the verdict. Judge Kaplan denied the first Rule 60(b)

motion as a successive habeas petition or in the alternative as "untimely" and "entirely devoid of merit." (Dkt. No. 71: 7/30/08 Kaplan Order.)

Thereafter, on August 5, 2008, Curry filed his second Rule 60(b) motion to set aside the verdict, alleging "fraud on the Court" at the August 2007 evidentiary hearing. (Curry 8/5/08 Rule 60(b) Motion ¶¶ 10-11.) Curry's motion points to portions of his July 1998 trial transcript that he claims contradict his trial attorney Mr. Duboulay's testimony at the August 2007 hearing before this Court. (Curry 8/5/08 Rule 60(b) Motion ¶¶ 19-32 & Ex. A.)

During colloquy at Curry's July 1998 trial, the A.D.A. told the trial judge that a year and a half before trial, he had "turned over . . . the names and addresses of these [lineup] witnesses" to defense counsel. (Tr. 165-66.)[1/]

At the August 9, 2007 hearing, both Curry and attorney Duboulay testified that Duboulay discussed with Curry these three witnesses and that Duboulay decided not to call them because they had picked Curry out of a lineup. See Curry v. Burge, 2007 WL 3097165 at *5-10 (quoting 8/9/07 hearing testimony). On cross-examination, Duboulay testified that he was "pretty sure" he tried to get these witnesses' addresses so they could be interviewed, but while he did not "have a specific recollection," generally the prosecution's practice was not to provide witness addresses. Curry v. Burge, 2007 WL 3097165 at *8.

---

[1/] The context of this discussion, however, was whether Detective DeLeon could testify that he told Curry that he had been picked out of a lineup, after which Curry made a statement. (See Tr. 164-68.)

Duboulay's testimony at the August 2007 hearing was not a misrepresentation or "fraud"; it is not directly contradictory to the A.D.A.'s statement at the July 1998 trial. Duboulay testified to his best recollection based on his memory, nine years after the trial, of usual prosecution practices; however, the A.D.A. had given defense counsel the witnesses' addresses in this case.

This Court's Report and Recommendation did not rely at all on Duboulay's inability to locate the witnesses. This Court's decision was based on Duboulay's strategic decision not to call the witnesses because they were more harmful than helpful. See, e.g., Curry v. Burge, 2007 WL 3097165 at *13-14 & n.19. This Court stated:

> Having seen Curry and Duboulay testify, the Court finds Duboulay's hearing testimony to be credible and indeed corroborated by Curry's own testimony. It is undisputed that Duboulay reviewed the police reports concerning these three witnesses, and made the strategic decision that based on what they had told the police, their testimony would have been more harmful than helpful to Curry. The harm was that two of the three witnesses had picked Curry out of a lineup as being one of the three men involved in the shooting, and the witnesses' statements were largely consistent with Guzman's testimony. Duboulay explained this to Curry at the time, as Curry admits. The Court finds Duboulay to be credible, accepts his testimony, and concludes that his decision not to call the three witnesses to testify at trial (or to make further efforts to investigate them) was an informed strategic choice.

Curry v. Burge, 2007 WL 3097165 at *13. Whether Duboulay had the witnesses' addresses or not was not a factor in the Court's decision. Nothing in Curry's current motion changes the Court's conclusion that Duboulay was credible and that he made an informed strategic decision.

Finally, the trial transcript pages that form the basis of Curry's current motion already were before the Court when it originally denied his habeas petition. (Dkt. No. 23: 7/23/98 Trial Transcript, pages 129-209.) Thus, this information was not "fraudulently" kept from the Court by

the prosecutor or Duboulay, as Curry alleges. The transcript was available to Curry's appointed habeas counsel before the August 2007 hearing and he could have used it to cross-examine Duboulay if Curry wished. Moreover, the information in the trial transcript was part of the record and could have been raised by Curry: (a) in post hearing submissions to me, (b) in objections filed before Judge Kaplan to my Report and Recommendation, and/or (c) in seeking a certificate of appealability from the Second Circuit. Neither Curry nor his appointed counsel used the transcript at the appropriate time. Nothing in it now changes the Court's decision.

## CONCLUSION

The Court adheres to its prior decision that Curry's trial counsel was credible and was not ineffective. A certificate of appealability should not be issued. It is time (indeed, past time) for finality in this case.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, 500 Pearl Street, Room 1310, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Kaplan (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension

Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated:   New York, New York
         September 16, 2008

Respectfully submitted,

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies to:   Jerome Curry
             Nicole Beder, Esq.
             Judge Lewis A. Kaplan